■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARDO TORRES, Appellant. [631 NYS2d 355] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 8, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years, 7½ to 15 years, and 3 to 6 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the third degree sale and possession convictions to concurrent terms of 5 to 10 years and otherwise affirmed.

Because defendant never raised his current claim that his guilt was not established because the People's witnesses were not credible, this claim is not preserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Gray*, 86 NY2d 10). Were we to review this claim in the interest of justice, we would find that credible explanations were provided for investigative decisions and that the alleged inconsistencies and contradictions were merely trivial and related to collateral issues.

The court's *Sandoval* ruling, which was very favorable to defendant and identical to that which he sought, was a proper exercise of its discretion. The court considered the specific

details and circumstances of defendant's prior crimes and balanced the probative value of this evidence on the issue of defendant's credibility against the risk of unfair prejudice (*People v Williams*, 56 NY2d 236, 238-239).

We find the sentences excessive to the extent indicated.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.