■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA ARMSTRONG, Appellant. [673 NYS2d 154] —Appeal from a judgment of the Supreme Court, Queens County (Eng, J.), rendered September 19, 1996, convicting her of kidnapping in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve her claim that the evidence adduced at trial was legally insufficient on the ground that the testimony of the complainant was incredible as a matter of law (*see, People v Torres*, 219 AD2d 565; *People v Fields*, 188 AD2d 612). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly ruled that the counts of the indictment charging her with kidnapping in the second degree and unlawful imprison-

ment in the first degree did not merge with the counts of robbery of which she was found not guilty. A review of the record reveals that the complainant's abduction at gunpoint constituted the discrete crimes of kidnapping in the second degree and unlawful imprisonment in the first degree, the elements of which were completed before the acts underlying the robbery counts took place. Moreover, the confinement in this case continued past the completion of the acts underlying the robbery counts, when the defendant and her accomplice drove around aimlessly, stopping to threaten the complainant's life, hit her, choke her, and push her out on the street before driving off (*see, People v Chatin,* 209 AD2d 536). Under the circumstances, the restraint, which lasted for approximately two hours, was not a minimal intrusion necessary and integral to the robbery scheme, and thus the merger doctrine was inapplicable.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.