■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO CARTAGENA, Appellant. [731 NYS2d 469] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Klein, J.), rendered January 25, 1996, convicting him of robbery in the first degree (two counts) and kidnapping in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly declined to apply the merger doctrine to the kidnapping and robbery counts. The victims' separate abductions at gunpoint on different dates constituted crimes of kidnapping in the second degree discrete from the crimes of robbery in the first degree. All of the elements of each of those crimes had been completed before any robbery. In each incident, the victims, who were both traveling salesmen for the same company, were approached by the defendant and an accomplice while outside their delivery trucks in Suffolk County, and then ordered by the defendant at gun point to enter their truck. The accomplice then drove the truck to Brooklyn, where its contents were unloaded and stolen. While en route to Brooklyn, the defendant detained each victim at gun point, robbed them of personal property, and repeatedly threatened their lives. Moreover, the confinements continued past the consummation of the underlying robberies (*see, People v Chatin,* 209 AD2d 536). Under the circumstances, the restraint of each victim, which lasted for approximately four hours, was not a minimal intrusion necessary and integral to either robbery scheme, and thus the merger doctrine was inapplicable (*see, People v Armstrong,* 250 AD2d 618).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.