■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ACOSTA, Appellant. [765 NYS2d 35] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered September 22, 2000, convicting defendant, after a jury trial, of kidnapping in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 18 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion based on the People's alleged violation of *Brady v Maryland* (373 US 83 [1963]) in failing to make timely disclosure of a tape recording of a 911 call made by the cousin of the complaining witness. Even if this evidence could be considered *Brady* material, it was disclosed to defendant at a time that permitted the defense to effectively use the evidence (*see People v Cortijo*, 70 NY2d 868 [1987]). Defendant called the cousin to testify as to the circumstances of the 911 call, and declined to recall the complaining witness for further cross-examination on this subject. Defendant's claim that earlier disclosure would have affected his trial strategy is unpersuasive. Defendant asserts that had the tape been disclosed sooner, the jointly tried codefendant might not have testified on her own behalf. However, the codefendant's testimony supported the positions of both defendants, and defendant has not shown how he was prejudiced by the fact that the codefendant elected to testify.

Defendant's challenge to the court's reasonable doubt charge requires preservation (*see People v Thomas*, 50 NY2d 467 [1980]), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the challenged portion of the charge appears to reflect a recording error by the court reporter. In any event, even as-

suming the accuracy of the record, the court's charge as a whole conveyed the appropriate standards and could not have been misunderstood by the jury (*see People v Fields*, 87 NY2d 821 [1995]). Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ.