■ The People of the State of New York, Respondent, v Mirna Campos, Appellant. [813 NYS2d 84]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered September 22, 2000, convicting defendant, after a jury trial, of kidnapping in the first degree and robbery in the second degree, and sentencing her to concurrent terms of 15 years to life and 5 years, respectively, and order, same court and Justice, entered on or about November 22, 2004, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

After a hearing, the court properly denied defendant's CPL 440.10 motion in which she alleged she had been deprived of her right to conflict-free and effective assistance of counsel. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Initially, we note that defendant's present arguments rest primarily on speculation and on testimony that the hearing court discredited.

At the hearing, it was defendant's burden to prove, by a preponderance of the evidence, every fact essential to support

her claims (CPL 440.30 [6]). The court properly found that when the codefendant, who was defendant's common-law husband, hired defendant's counsel prior to the codefendant's own arrest and paid a portion of his fee, this created only a potential conflict, and that defendant did not establish that the potential conflict, operated on, adversely affected or bore a substantial relationship to her defense (*see People v Harris*, 99 NY2d 202, 210 [2002]; *People v Ortiz*, 76 NY2d 652, 657 [1990]; *People v Recupero*, 73 NY2d 877, 878-879 [1988]; *see also Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). The court properly determined that counsel did not expect to be paid anything further from the codefendant after his arrest, and looked to defendant alone for payment. The court also properly found, contrary to defendant's assertions, that trial counsel had repeatedly and strongly advised defendant to meet with the prosecutor and cooperate, to effectuate a possible nonjail plea bargain which the prosecutor had held out. Counsel also advised defendant not to go to trial and advised her of the advantages and disadvantages of testifying. The court also properly concluded that it was defendant who insisted on her innocence, insisted on testifying, perjured herself at trial, and ignored counsel's advice.

We have examined defendant's multiple claims of ineffective assistance of counsel and her assertions as to how the conflict allegedly operated on or bore a substantial relationship to her defense, and we reject those arguments. In particular, we reject defendant's various arguments that stem from the assertion that the codefendant made a "confession" or damaging admission to defendant's counsel. On the contrary, we find that the codefendant's conversation with defendant's counsel yielded nothing of any inculpatory value as to the codefendant or exculpatory value as to defendant, nor anything helpful to defendant in terms of plea negotiations, trial strategy, or anything else. Viewing the hearing and trial record as a whole, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), despite certain professional improprieties on counsel's part that did not affect the defense (*see People v Ortiz*, 76 NY2d at 656; *People v Winkler*, 71 NY2d 592 [1988]).

To the extent that defendant is also adopting arguments made by the codefendant on his appeal (*People v Acosta*, 309 AD2d 521 [2003], *lv denied* 1 NY3d 624 [2004]), we reject those arguments for the reasons contained in our decision therein, both procedural and substantive. Concur—Saxe, J.P., Nardelli, Williams, Catterson and Malone, JJ.