■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MERRIMAN, Appellant. [850 NYS2d 108]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 17, 2006, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, the prosecution gave the defendant sufficient notice of the grand jury proceedings. Although CPL 190.50 (5) (a) requires the People to give the defendant notice and to accord him "a reasonable time to exercise his right to appear as a witness" (*People v Sawyer,* 96 NY2d 815, 816 [2001]), the prosecution never received a response from the defendant to its notice of the date and time of the grand jury presentation. Accordingly, it was proper for the People to present the case and obtain an indictment without the defendant's participation (*see* CPL 190.50 [5] [a]).

The defendant's contention that the County Court failed to comply with CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (*see People v Csoke,* 11 AD3d 631 [2004]). In any event, the County Court substantially complied with the statute, and there is no indication that the defendant contemplated a challenge to the constitutionality of his prior conviction. Any alleged deficiencies were mere oversights that constituted harmless error (*see People v Hickman,* 276 AD2d 563, 564 [2000]).

The defendant's contention concerning his motion to withdraw his plea of guilty is not properly before this Court.

The defendant's remaining contentions are without merit. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.