■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURNELL McLEOD, Appellant. [856 NYS2d 164]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered April 14, 2005, convicting him of murder in the second degree, burglary in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of, inter alia, murder in the second degree pursuant to Penal Law § 125.25 (3) predicated upon kidnapping. The defendant's contention that the merger doctrine operated to preclude that conviction because the kidnapping charge on which it was based merged with the robbery charge of which he was acquitted (*see People v Gonzalez*, 80 NY2d 146 [1992]), is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the abduction of the victim at gunpoint constituted the discrete crime of kidnapping in the second degree, the elements of which were completed before the acts underlying the robbery charge took place. Moreover, the confinement in this case continued past the completion of the acts underlying the robbery charge (*see People v Cartagena*, 287 AD2d 515 [2001]; *People v Armstrong*, 250 AD2d 618 [1998]). Under the circumstances, the restraint was not a minimal intrusion necessary and integral to the robbery, since the defendant could have effectuated a robbery without detaining the victim, and thus, the merger doctrine was inapplicable (*see People v Balde*, 260 AD2d 579 [1999]). Lifson, J.P., Florio, Eng and Chambers, JJ., concur.