■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON GUTIERREZ, Appellant. [952 NYS2d 897]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered July 18, 2006, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial because a court interpreter was unable to properly perform her duties is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kowlessar*, 82 AD3d 417, 418 [2011]; *People v Odum*, 67 AD3d 1465, 1466 [2009], *cert denied* 562 US —, 131 S Ct 326 [2010]; *People v Zhang Wan*, 203 AD2d 499 [1994]; *People v Ko*, 133 AD2d 850, 851 [1987]), and we decline to review it in

the exercise of our interest of justice jurisdiction. Contrary to the defendant's contention, his challenge to the court interpreter's ability to perform her duties does not fall within the narrow category of errors which affect the mode of proceedings prescribed by law and are thus immune from the preservation requirement (*see People v Kelly*, 5 NY3d 116 [2005]; *cf. People v Mehmedi*, 69 NY2d 759 [1987]; *People v Ahmed*, 66 NY2d 307 [1985]).

Defense counsel's failure, inter alia, to object to the prosecutor's remarks during summation did not deprive the defendant of the effective assistance of counsel (*see People v Stewart*, 89 AD3d 1044, 1045 [2011]; *People v Whitehurst*, 70 AD3d 1057, 1059 [2010]).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Eng, P.J., Florio, Sgroi and Miller, JJ., concur.