■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERACLIO SANTIAGO, Appellant. [982 NYS2d 368]—Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered March 25, 2010, convicting him of reckless endangerment in the first degree (two counts), reckless endangerment in the second degree, reckless endangerment of property, grand larceny in the third degree, grand larceny in the fourth degree, unauthorized use of a vehicle in the first degree, criminal mischief in the second degree (two counts), criminal mischief in the third degree, criminal mischief in the fourth degree, unlawful imprisonment in the first degree (two counts), endangering the welfare of a child, petit larceny, possession of burglar's tools, reckless driving, and leaving the scene of an accident, after a nonjury trial, and imposing sentence.

Ordered that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by a resentence of the Supreme Court, Kings County, imposed July 15, 2013; and it is further,

Ordered that the judgment is affirmed insofar as reviewed.

The defendant's contentions that the evidence was legally insufficient to support his convictions of grand larceny in the third and fourth degrees, unauthorized use of a vehicle in the first degree, two counts of reckless endangerment in the first degree, two counts of criminal mischief in the second degree, and criminal mischief in the third degree are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Santos*, 86 NY2d 869, 871 [1995]; *People v Cortes*, 44 AD3d 1068 [2007]; *People v Sudol*, 89 AD3d 499, 500 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to those crimes.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the aforementioned crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the verdict finding him guilty of both criminal mischief in the third degree and reckless endangerment of property for his conduct in operating a motor vehicle on a certain date was not repugnant (*see generally People v Trappier*, 87 NY2d 55 [1995]).

The defendant's contention that the merger doctrine precluded his convictions of two counts of unlawful imprisonment in the first degree is unpreserved for appellate review and, in any event, is without merit (*see generally People v Gonzalez*, 80 NY2d 146 [1992]; *People v McLeod*, 50 AD3d 826 [2008]).

The defendant's remaining contentions are without merit. Dickerson, J.P., Chambers, Austin and Sgroi, JJ., concur.