THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RICHARDS, Appellant. [40 NYS3d 544]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 18, 2014, convicting him of robbery in the first degree, kidnapping in the second degree (two counts), criminal use of a firearm in the first degree (two counts), robbery in the second degree, assault in the second degree (two counts), and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Iliou, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At trial, the People presented evidence that the defendant and others, while armed and acting in concert, forcibly took property from a complainant, held that complainant and another complainant against their will, and beat and tortured those complainants until one of those complainants told them a location where money could be found. The defendant was convicted of robbery in the first degree, kidnapping in the second degree (two counts), criminal use of a firearm in the

first degree (two counts), robbery in the second degree, assault in the second degree (two counts), and unlawful imprisonment in the first degree.

The defendant was not denied his statutory right to testify before the grand jury (*see* CPL 190.50 [5]). The People afforded the defendant a reasonable opportunity to testify and, thereafter, defense counsel failed to respond to the People's notice of the date and time of the grand jury presentation. Accordingly, it was proper for the People to present the case and obtain an indictment without the defendant's participation (*see People v Merriman*, 45 AD3d 700 [2007]). Moreover, the defendant's motions to dismiss the indictment were properly denied on the grounds that the papers filed in support of the first motion failed to establish that the defendant served notice of his intention to testify before the grand jury (*see* CPL 190.50 [5] [a]) and the second motion was untimely (*see* CPL 190.50 [5] [c]; *see also* CPL 255.20).

The County Court providently exercised its discretion in denying the defendant's motion for a mistrial, made on the ground that the People failed to make timely disclosure of a complaining witness's traffic-related incident and the prosecutor's involvement therein, as the incident was not material to the defendant's guilt (*see Brady v Maryland*, 373 US 83 [1963]; *People v Fuentes*, 12 NY3d 259 [2009]). Moreover, even if the evidence could be considered *Brady* material, the defendant's right to a fair trial was not violated, as the evidence was disclosed at a time that permitted the defense to effectively use it (*see People v Cortijo*, 70 NY2d 868 [1987]; *People v Gomez*, 135 AD3d 954 [2016]; *People v Acosta*, 309 AD2d 521 [2003]).

The County Court did not err in overruling defense counsel's objection to testimony regarding a statement made by the defendant to law enforcement officials that was not noticed to the defense pursuant to CPL 710.30, because such statement was not a confession, admission, or other statement made with respect to the defendant's participation or lack of participation in the offense charged (*see* CPL 60.45, 710.30 [1] [a]). In any event, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). The defendant's additional contention that counsel was ineffective for failing to move to reopen the *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]) to address whether the unnoticed statement was voluntarily made is without merit (*see People v Benevento*, 91 NY2d 708 [1998]).

The defendant's contention that his convictions of kidnapping in the second degree, criminal use of a firearm in the first

degree, assault in the second degree, and unlawful imprisonment in the first degree merged with his convictions of robbery in the first and second degrees is unpreserved for appellate review (*see* CPL 470.05 [2]; *see also People v Hanley,* 20 NY3d 601, 606 [2013]). In any event, the defendant's contention is without merit (*see People v Hanley,* 20 NY3d 601; *People v Gonzalez,* 80 NY2d 146 [1992]; *People v McLeod,* 50 AD3d 826 [2008]; *People v Cartagena,* 287 AD2d 515 [2001]).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383 [2004]; *People v Bleakley,* 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention, that the hearing court's erroneous suppression ruling warrants reversal of the judgment of conviction, is without merit. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.