The People of the State of New York, 
against
Arkeny Olivero, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered February 29, 2016, after a nonjury trial, convicting him of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered February 29, 2016, affirmed.
Defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction because the testimony of the complaining witness was incredible as a matter of law is unpreserved for appellate review, since defendant did not specify that ground in his motion to dismiss at trial (see CPL 470.05[2]; People v Gray, 86 NY2d 10 [1995]; People v Torres, 219 AD2d 565 [1995], lv denied 87 NY2d 851 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of second-degree harassment (see Penal Law § 240.26[1]). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see People v Gaimari, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal (see People v Bleakley, 69 NY2d 490, 495 [1987]), and should not be disturbed unless manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice (see People v Bartley, 219 AD2d 566, 567 [1995], lv denied 87 NY2d 898 [1995]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]). Defendant's course of conduct supports the inference that he struck the victim with requisite intent to "harass, annoy or alarm" (Penal Law § 240.26).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 20, 2018