People v Singh (2025 NY Slip Op 01241)

People v Singh

2025 NY Slip Op 01241

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2020-04558
 (Ind. No. 341/16)

[*1]The People of the State of New York, respondent,
v
Ashok Singh, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Manipal Singh of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia L. Morris, J.), rendered March 9, 2020, convicting him of rape in the first degree, rape in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that he was deprived of a fair trial because the Supreme Court allowed a certain court-certified interpreter to translate the testimony of the complainant in court, even though the People had used the same court interpreter to translate for the complainant during pretrial preparations. However, the defendant waived this contention when his counsel expressly agreed to allow the court interpreter to continue translating for the complainant after being told that the interpreter had assisted the People with pretrial preparations (see generally People v Gajadhar, 9 NY3d 438, 448). The defendant's remaining contentions regarding the court interpreter are unpreserved for appellate review (see CPL 470.05[2]; People v Melendez, 8 NY3d 886, 887; People v Gutierrez, 100 AD3d 656, 656), and we decline to review those contentions in the exercise of our interest of justice jurisdiction.
Moreover, the defendant failed to preserve for appellate review his contention that his conviction of unlawful imprisonment in the second degree should merge into the rape counts because he failed to challenge the verdict on this basis before the Supreme Court (see People v Sims, 199 AD3d 841, 842). In any event, the defendant's contention is without merit. The restraint involved in the unlawful imprisonment charge continued past the completion of the acts of the underlying rape charges (see People v Richards, 144 AD3d 844, 846; People v Santiago, 115 AD3d 885, 887; People v Crosdale, 103 AD3d 749, 751; People v McLeod, 50 AD3d 826, 826).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [alteration and internal quotation marks omitted]; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim [*2]in its entirety, and we decline to review the claim on this direct appeal (see People v Dunaway, 207 AD3d 742, 744; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court