■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ESPOSITO, Also Known as RICHARD DELELLIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered November 13, 1985, convicting him of rape in the first degree (four counts), sodomy in the first degree (four counts), burglary in the second degree, grand larceny in the second degree (two counts), and unlawful imprisonment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It was not error to refuse to rule on the defendant's *Sandoval* motion. In order for a defendant to obtain a ruling on what prior bad acts the prosecutor can use to impeach his credibility, the defendant has to reveal those prior bad acts to the court *(see, People v Sandoval,* 34 NY2d 371, 378; *People v Malphurs,* 111 AD2d 266, 269, *lv denied* 66 NY2d 616, 920).

In addition, there should be no merger of the defendant's convictions of unlawful imprisonment in the first degree with his convictions of rape in the first degree, sodomy in the first degree, and burglary in the second degree. The method employed by the defendant to immobilize his victims was sufficiently grave or horrendous that it could support a separate prosecution *(People v Cassidy,* 40 NY2d 763, 767). In addition, the detention of the women was not incidental to and inseparable from the other substantive crimes, and represented an aggravating circumstance which the law is intended to proscribe *(People v Brown,* 112 AD2d 1087).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Bracken, Weinstein and Kooper, JJ., concur.