■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE HAMBRICK, Appellant. [595 NYS2d 514] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 27, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges against the defendant were based on certain contraband found in room 3C in an apartment building in Glen Cove. The County Court erred in admitting into evidence the key to room 3C but we agree with the People's contention that the error was harmless *(see, People v Crimmins,* 36 NY2d 230).* The police were not authorized to seize the key pursuant to the search warrant for room 3B and they did not have probable cause to remove it under the plain view doctrine *(see, Arizona v Hicks,* 480 US 321). Nevertheless the error was harmless in view of the additional evidence tying the defendant to the contraband in room 3C *(see, People v Manini,* 79 NY2d 561).

The defendant's remaining contentions are either without merit *(see, People v Esposito,* 135 AD2d 727; *Steele v United States No. 1,* 267 US 498; *People v Correa,* 188 AD2d 542), or unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to review the unpreserved issue in the exercise of our interest of justice jurisdiction. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.