■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO VELEZ, Appellant. [614 NYS2d 504] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered April 30, 1992, convicting defendant, after a jury trial, of murder in the second degree (two counts), kidnapping in the first degree, and robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life on the murder and kidnapping charges and 12½ to 25 years on the robbery charge, unanimously affirmed.

Defendant's argument that the merger doctrine compels

dismissal of his convictions for kidnapping in the first degree and felony murder based upon kidnapping is unpreserved (CPL 470.05 [2]), and we decline to review it in the interest of justice. In any event, the merger doctrine is inapplicable to a first degree kidnapping conviction under Penal Law § 135.25 (3) *(People v Pellot,* 105 AD2d 223). Furthermore, since defendant was not formally charged with second degree kidnapping, the alleged predicate for one of his felony murder convictions, the merger doctrine has no application.

Defendant's argument that improper bolstering evidence was admitted is also unpreserved (CPL 470.05 [2]), and we decline to review it in the interest of justice. In any case, the evidence concerning a witness's description of defendant, how that description led to defendant's arrest, and the testimony regarding defendant's arrest based upon a police photograph was properly admitted to explain defendant's apprehension.

Defendant's argument that the court's alibi charge improperly shifted the burden of proof to defendant is unpreserved (CPL 470.05 [2]). In any event, the alibi charge, viewed as a whole, properly conveyed that it was not defendant's burden to prove his alibi and in fact, explicitly stated that it was the People's burden to disprove defendant's alibi.

Finally, we decline to exercise our discretion to reduce the maximum sentences imposed on the murder and first degree kidnapping since the People's evidence demonstrated that defendant was a significant member of a gang which mercilessly abducted and crushed the victim. In addition, defendant was required to raise the claim that he was improperly adjudicated a second felony offender at sentencing in order to preserve his claim for appellate review as a matter of law *(People v Butler,* 203 AD2d 35), and we decline to review in the interest of justice. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.