■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY COFIELD, Appellant. [688 NYS2d 188] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered May 4, 1995, convicting him of criminal possession of a weapon in the third degree (six counts) and criminal sale of a firearm in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Griffin, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order dated April 27, 1998, this Court remitted the matter to the Supreme Court, Queens County, to hear and report on whether the police obtained a valid waiver of the defendant's right to counsel at the lineup, and the appeal was held in abeyance in the interim (*see, People v Cofield,* 249 AD2d 559). The Supreme Court has filed its report.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by an independent source hearing.

After remittitur of this case for a hearing on the issue of whether the defendant waived his right to counsel at a lineup at which the defendant appeared pursuant to a court order, the Supreme Court found, and the People concede, that the defendant did not waive his right to have counsel present at the lineup. Accordingly, reversal is mandated (*see, People v Coleman,* 43 NY2d 222), and a new trial is ordered. An independent source hearing is to precede the new trial, as the only identification witness did not testify at the *Wade* hearing (*see, People v Smith,* 221 AD2d 485).

In view of the foregoing, we need not reach the defendant's remaining contentions. S. Miller, J. P., Ritter, Altman and McGinity, JJ., concur.