■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAMADOU BALDE, Appellant. [690 NYS2d 62] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered July 23, 1996, convicting him of unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his claim that his conviction for unlawful imprisonment should merge into the attempted robbery and assault counts for which he was acquitted because the defendant failed to challenge the jury's verdict on this basis before the trial court (*see, People v Chronis,* 209 AD2d 712). In any event, the complainant's abduction in the defendant's cab constituted the discrete crime of unlawful imprisonment, which was completed in all of its elements before any assault or attempted robbery had occurred. There is no evidence to support the conclusion that, at the time the unlawful imprisonment was completed, the defendant intended to assault or rob the complainant (*see, People v Sceravino,* 193 AD2d 824). Additionally, the restraint was not a minimal intrusion necessary and integral to the assault or attempted robbery scheme since the defendant could have effectuated an assault or robbery without detaining the complainant. As such, the unlawful imprisonment here is an act independent of the attempted robbery and assault charges and the doctrine of merger is inapplicable (*see, People v Gonzalez,* 80 NY2d 146). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPHINE JAVIS, Appellant. [686 NYS2d 741] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Jones, J.), rendered February 7, 1997, convicting her of attempted robbery in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that her plea of guilty was coerced and was the result of ineffective assistance of counsel is not preserved for appellate review (*see, People v Coles,* 240 AD2d 419; *People v Leo,* 255 AD2d 458; *People v Lu Yang Tong,* 238 AD2d 607).

The defendant's contention that the sentence is excessive was effectively waived by her as part of her plea bargain (*see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.