■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE ALSTON, Appellant. [719 NYS2d 679] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 8, 1998, convicting him of robbery in the first degree, kidnapping in the second degree, criminal possession of a weapon in the second degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction for kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Police responded to a radio transmission from a witness to an armed robbery which described the physical appearance of the robbers, their clothing, the location of the robbery, and the fact that they had seized a white truck with the word "Salem" on its sides. The hearing court properly found that there was probable cause for the police to arrest the defendant. The evidence established the reliability of the witness and the basis for his information, where the defendant fit the description of one of the robbers, and was in a white truck with the word "Salem" on its sides, in close temporal and geographic proximity to the information provided by the radio transmission (*see, People v Ketcham,* 93 NY2d 416; *People v Parris,* 83 NY2d 342; *People v Spencer,* 257 AD2d 638; *People v Blanco,* 253 AD2d 886).

The record further supports the court's finding that the defendant forfeited his right to be present at his trial by absconding during the proceedings. The court weighed the different considerations, including the possibility that the defendant could be located at present or in the future, the difficulties involved in rescheduling the trial, the fact that his codefendant was ready for trial, and the chance that evidence would be lost or witnesses become unavailable if the trial were delayed, in determining that the defendant had waived his right to be present (*see, People v Parker,* 47 NY2d 907; *People v Aponte,* 204 AD2d 339). The defendant's subsequent arrest did not nullify the court's finding that the defendant had forfeited his right to be present (*see, People v Enoch,* 221 AD2d 253; *People v Aponte, supra*).

However, the court should have dismissed the kidnapping count of the indictment prior to sentencing where the asportation and restraint of the truck's driver was incidental to and inseparable from the robbery (*see, People v Cain,* 76 NY2d 119,

125). Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.