■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLOURNOY, Appellant. [757 NYS2d 454] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered July 3, 1997, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

An alleged deprivation of the constitutional right to counsel may be raised on appeal, irrespective of whether such claim has been preserved for appellate review (*see People v Kinchen,* 60 NY2d 772, 773 [1983]; *People v Samuels,* 49 NY2d 218, 221 [1980]). However, since the factual record of the pretrial suppression hearing is insufficient, we are unable to review the defendant's right to counsel claim (*see People v Kinchen, supra* at 773-774).

Contrary to the defendant's contention, the testimony of a detective recounting part of her interview with an eyewitness to the crime, who, inter alia, described the defendant, was properly admitted as background information to explain the events that led to the defendant's arrest (*see People v Stephens,* 274 AD2d 487, 488 [2000]). Moreover, the trial court instructed the jury that the testimony of such interview was not admitted for its truth, but rather to provide background information, which effectively eliminated any risk of prejudice to the defendant (*see People v Burrus,* 182 AD2d 634 [1992]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Smith, J.P., McGinity, Cozier and Mastro, JJ., concur.