■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Appellant. [838 NYS2d 171]—

Appeals by the defendant from two judgments of the Supreme

Court, Queens County (Rotker, J.), both rendered March 11, 2004, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree (two counts), unlawful imprisonment in the first degree (three counts), and endangering the welfare of a child, under indictment No. 996/03, upon a jury verdict, and intimidating a victim or witness in the third degree and tampering with a witness in the third degree, under indictment No. 1844/03, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Where the defendant had been convicted of multiple criminal offenses covering a range of areas of criminal conduct, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), which allowed the prosecutor to question the defendant, should he choose to testify, on the underlying facts of only one of his prior convictions cannot be said to be an improvident exercise of the trial court's discretion (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v McLaurin*, 33 AD3d 819, 820 [2006]).

The defendant's contention that his sentence for unlawful imprisonment in the first degree with respect to one of the victims should have been imposed concurrently with his sentence for, among other crimes, robbery in the first degree on the basis of the merger doctrine is unpreserved for appellate review (*see People v Ocasio*, 32 AD3d 481 [2006]; *People v Magrigor*, 281 AD2d 561, 562 [2001]; *People v Balde*, 260 AD2d 579 [1999]; *People v Velez*, 206 AD2d 258, 258-259 [1994]). In any event, the grave and egregious method used to detain this particular victim precluded application of the merger doctrine (*see People v Gonzalez*, 80 NY2d 146, 153 [1992]; *People v Esposito*, 135 AD2d 727 [1987]).

The defendant's contention that the evidence was insufficient to corroborate his accomplice's testimony is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, that contention, as well as the remaining contentions raised in the defendant's supplemental pro se brief, are without merit. Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.