[987 NE2d 268, 964 NYS2d 491]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK HANLEY, Appellant.

Argued February 12, 2013; decided March 28, 2013

## POINTS OF COUNSEL

*Dechert LLP*, New York City (*Matthew L. Mazur* and *Robert J. Jossen* of counsel), and *Office of the Appellate Defender* (*Richard M. Greenberg* of counsel) for appellant. I. Kirk Hanley's kidnapping conviction must be dismissed because it is based upon the same conduct as, and is incidental to, his conviction for reckless endangerment. (*People v Cassidy*, 40 NY2d 763; *People v Geaslen*, 54 NY2d 510; *People v Gonzalez*, 80 NY2d 146; *People v Cain*, 76 NY2d 119; *People v Leonard*, 19 NY3d 323; *People v Smith*, 47 NY2d 83; *People v Rodriguez*, 70 NY2d 523; *People v Miles*, 23 NY2d 527.) II. Kirk Hanley did not forfeit his kidnapping merger claim by pleading guilty to the indictment, and the merger issue may be raised for the first time on appeal. (*People v Patterson*, 39 NY2d 288; *People v Hansen*, 95 NY2d 227; *People v Plunkett*, 19 NY3d 400; *People v Brown*, 156 AD2d 204; *People v Plummer,* 122 AD2d 285; *People v Rios*, 60 NY2d 764; *People v Ahmed*, 66 NY2d 307; *Johnson v Zerbst*, 304 US 458; *People v Taylor*, 65 NY2d 1; *People v Morales*, 148 AD2d 325.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Gina Mignola* and *Alan Gadlin* of counsel), for respondent. Defendant's merger doctrine claim is unpreserved because he never raised it before the trial court, having forfeited the claim by his guilty plea, and cannot provide any basis for relief on the incomplete record available. In any event, kidnapping was not incidental because defendant's main objective was to take a woman hostage to avoid capture by the police. (*People v Gonzalez*, 80 NY2d 146; *People v Bussey*, 19 NY3d 231; *People v Cassidy*, 40 NY2d 763; *People v Becoats*, 17 NY3d 643; *People v*

*Hawkins*, 11 NY3d 484; *People v Martin*, 50 NY2d 1029; *People v Grega*, 72 NY2d 489; *People v Michael*, 48 NY2d 1; *People v Kruppenbacher*, 81 AD3d 1169.)

**OPINION OF THE COURT**

GRAFFEO, J.

The issue in this appeal is whether a defendant charged with kidnapping and another offense must preserve his argument that the kidnapping count merged with the other crime. We hold that preservation is required because the mode of proceedings exception is not applicable to such a claim.

In 2008, defendant Kirk Hanley was a 21-year-old college student attending City College in Manhattan. Defendant had a history of mental health problems and in his journal he stated that he admired notorious mass murderers such as Timothy McVeigh and the Columbine killers. His fantasies took a step toward reality in April 2008 when defendant launched a plot to commit a school shooting at City College so that he could "die in a blaze of glory." In furtherance of his plan, defendant acquired a six-shot, .44 caliber revolver and two interchangeable six-shot cylinders that would allow him to fire 18 bullets without the need to reload. He explained in his journal that he wanted to kill at least five persons at the school in hopes of "trigger-[ing] a race war."

In furtherance of his plan, defendant loaded the gun and cylinders with bullets and headed to City College. There he met a female acquaintance near the school's financial aid office and revealed his intentions to her. Defendant showed her the gun and handed her two suicide notes that he had written. Upon hearing defendant's disturbing disclosure, she told defendant that she had to go into the financial aid office, where she immediately divulged defendant's plan to a school employee. The police were summoned and arrived quickly at the scene.

As the police officers approached defendant, he brandished the fully-loaded handgun, yanked a nearby woman out of her seat, pointed the pistol at her head and threatened to kill her if anyone moved. Defendant begged the police to shoot him and, when that didn't occur, he freed the hostage and pointed the gun at himself. Two police officers eventually convinced defendant to relinquish the firearm. When taken into custody, defendant reiterated his desire for the police to kill him and declared that the Columbine killers were his heroes.

A grand jury indicted defendant for second-degree kidnapping, two counts of second-degree weapon possession and first-degree reckless endangerment. After extensive psychiatric evaluations, defendant was found competent to proceed to trial. Defense counsel filed a notice of intent to present psychiatric evidence.

Instead of proceeding to trial, defendant abandoned his potential defenses and pleaded guilty to the indictment after the court promised to impose a determinate prison sentence between 12 and 15 years on the kidnapping charge, with five years of postrelease supervision, together with lesser concurrent sentences on the remaining offenses. During the plea colloquy, defendant admitted that he "held another person at gunpoint against [her] will." The court sentenced defendant to an aggregate prison term of 14 years and five years of postrelease supervision.[1]

On appeal, defendant sought reversal of the kidnapping conviction, arguing that his restraint of the female hostage was allegedly incidental to the conduct constituting reckless endangerment and, therefore, the kidnapping count "merged" with the reckless endangerment offense. The Appellate Division declined to address the merger theory since defendant's entry of a guilty plea forfeited this claim and the lack of a trial record rendered the issue unreviewable (85 AD3d 659 [2011]). A Judge of this Court granted defendant leave to appeal (18 NY3d 994 [2012]) and we now affirm.

As a general rule, our "Court does not consider claims of error not preserved by appropriate objection in the court of first instance" (*People v Becoats*, 17 NY3d 643, 650 [2011], *cert denied* 566 US —, 132 S Ct 1970 [2012]). A narrow exception exists for "so-called 'mode of proceedings' errors" (*People v Kelly*, 5 NY3d 116, 119 [2005]). The exception encompasses only "the most fundamental flaws" (*People v Becoats*, 17 NY3d at 651) that implicate "jurisdictional matters . . . or rights of a constitutional dimension that go to the very heart of the process" (*People v Parilla*, 8 NY3d 654, 659 [2007] [internal quotation marks omitted]; *see People v Patterson*, 39 NY2d 288, 295-296 [1976],

---

1. The sentence consisted of 14 years (along with five years of postrelease supervision) for kidnapping; seven years (and five years of postrelease supervision) for each count of weapon possession; and 1 to 3 years for reckless endangerment.

*affd* 432 US 197 [1977]).[2] Aside from this "tightly circumscribed class" of claims (*People v Kelly*, 5 NY3d at 120), we have consistently held that other types of legal issues—including most "errors of constitutional dimension" (*People v Alvarez*, 20 NY3d 75, 81 [2012])—must be preserved in the trial court.

Defendant concedes that he did not preserve his merger argument in Supreme Court but maintains that we should review its merits because the failure to apply the merger doctrine constitutes a mode of proceedings error premised on due process and double jeopardy concerns. The People dispute this contention, claiming that preservation should apply since the merger doctrine is a judicially-created maxim that is nonjurisdictional in nature and does not affect any fundamental constitutional protections or the integrity of the criminal proceeding.

From a historical perspective, the crime of kidnapping had a broad reach because it included "any restraint" (*People v Levy*, 15 NY2d 159, 164 [1965], *cert denied* 381 US 938 [1965]). As a result, it could "literally overrun several other crimes"—most notably robbery or rape—"since detention and sometimes confinement, against the will of the victim, frequently accompany" those offenses (*id.*). When *Levy* was decided, the minimum sentence for kidnapping was 20 years to life, a punishment more severe than that permitted for rape or robbery (*see id.*). Hence, prosecutors were able to charge a defendant with kidnapping "in order to expose him to the heavier penalty" even if the underlying criminal conduct constituted a robbery, rape or some other offense carrying a lesser term of incarceration (*People v Cassidy*, 40 NY2d 763, 765 [1976]).

This Court created the merger doctrine to rectify this problem of overcharging (*see People v Levy*, 15 NY2d at 164-165). The aim of merger is to prohibit a " 'conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed

---

2. Examples include: jurisdictional issues (*see e.g. People v Correa*, 15 NY3d 213, 222 [2010]; *People v Pierce*, 14 NY3d 564, 570 n 2 [2010]; *People v Kalin*, 12 NY3d 225, 229 [2009]; *People v Carvajal*, 6 NY3d 305, 312 [2005]); double jeopardy (*see People v Williams*, 14 NY3d 198, 220-221 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]); constitutional speedy trial (*see People v Blakley*, 34 NY2d 311, 315 [1974]); shifting the People's burden of proof to the defense (*see People v Patterson*, 39 NY2d at 296); delegation of a judicial function (*see People v Ahmed*, 66 NY2d 307, 310-311 [1985]); prohibiting the defense from meaningful participation in the criminal proceeding (*see People v O'Rama*, 78 NY2d 270, 279 [1991]); and the imposition of an illegal sentence (*see People v Samms*, 95 NY2d 52, 56 [2000]).

without such acts' " and independent criminal responsibility for kidnapping may not fairly be attributed to the accused (*People v Bussey*, 19 NY3d 231, 237 [2012], quoting *People v Cassidy*, 40 NY2d at 767). Although each case should be considered independently, a kidnapping is generally deemed to merge with another offense only "where there is minimal asportation immediately preceding" the other crime or "where the restraint and underlying crime are essentially simultaneous" (*People v Gonzalez*, 80 NY2d 146, 153 [1992]). But where "the abduction and underlying crime are discrete" or "the manner of detention is egregious, regardless of other considerations," there is no merger and the kidnapping conviction should be sustained (*id.*).

Applying this precedent, we believe that the merger doctrine does not fit within the purpose of the mode of proceedings exception to the preservation rule. Merger is a judicially-devised concept premised on fundamental fairness and an aversion to prosecutorial abuse. It is designed to prevent inordinately punitive sentences (*see People v Levy*, 15 NY2d at 164), but it is not jurisdictional in nature and does not implicate any fundamental constitutional concerns that strike at the core of the criminal adjudicatory process. As such, it is not akin to the types of claims that have been classified as mode of proceedings errors.

In light of our case law on preservation, all four Appellate Divisions have concluded that a merger claim must be raised in the trial court (*see e.g. People v Leiva*, 59 AD3d 161 [1st Dept 2009], *lv denied* 12 NY3d 818 [2009]; *People v Rambali*, 27 AD3d 582, 583 [2d Dept 2006], *lv denied* 7 NY3d 761 [2006]; *People v Kruppenbacher*, 81 AD3d 1169, 1170 [3d Dept 2011], *lv denied* 17 NY3d 797 [2011]; *People v Nelson*, 57 AD3d 1441, 1442 [4th Dept 2008]). We employed a similar rationale in *People v Grega* (72 NY2d 489, 497 n 2 [1988]). Defendant has offered no compelling justification for deviating from this established view and we see no valid reason to do so. Consequently, because the preservation rule applies to a merger claim in a kidnapping prosecution, defendant's failure to assert the claim in Supreme Court precludes review by our Court (*see* CPL 470.05 [2]; 470.35 [1]).[3]

_____

3. In light of our preservation determination, it is unnecessary for us to consider whether a guilty plea forfeits a merger claim (*see generally People v Konieczny*, 2 NY3d 569, 573-574 [2004] [a guilty plea generally forfeits appellate review of nonjurisdictional defects in the underlying proceedings]) or whether merger can be raised prior to a guilty verdict (*see People v Morales*, 148 AD2d 325, 326-327 [1st Dept 1989]).

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges READ, SMITH, PIGOTT and RIVERA concur.

Order affirmed.