*837 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 16, 2011, convicting him of robbery in the second degree, unlawful imprisonment in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of unlawful imprisonment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant’s contention that he was deprived of a fair trial by the admission of evidence of certain uncharged crimes (see generally People v Molineux, 168 NY 264 [1901]) is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Moreover, defense counsel’s failure to object to the admission of this evidence did not constitute ineffective assistance of counsel (see generally People v Stultz, 2 NY3d 277, 287 [2004]; People v Benevento, 91 NY2d 708, 711-714 [1998]).
The defendant’s contention that his conviction of unlawful imprisonment in the second degree should be vacated pursuant to the merger doctrine in light of his conviction of robbery in the second degree is unpreserved for appellate review (see CPL 470.05 [2]). However, upon exercising our interest of justice jurisdiction, we conclude that the merger doctrine precludes the conviction of unlawful imprisonment in the second degree because the restraint of the complainant was essentially incidental to and inseparable from the robbery (see People v Cain, 76 NY2d 119, 124-125 [1990]; People v Alston, 279 AD2d 583, 584 [2001]; People v Androvett, 135 AD2d 640, 642 [1987]; cf. People v McLeod, 50 AD3d 826, 826 [2008]). Thus, the conviction of unlawful imprisonment in the second degree must be vacated and that count of the indictment dismissed. Skelos, J.P, Dickerson, Lott and Roman, JJ., concur.