■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AIKIO GARNES, Appellant. [6 NYS3d 666]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered March 28, 2012, convicting him of burglary in the first degree, kidnapping in the second degree (four counts), criminal possession of a forged instrument in the second degree, and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing (McKay, J.), of those branches of the defendant's omnibus motion which were to suppress his statement to law enforcement officials and identification testimony.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress his statement to law enforcement officials and identification testimony are granted, the counts in the indictment charging kidnapping in the second degree are dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the counts of the indictment charging burglary in the first degree, criminal possession of a forged instrument in the second degree, and criminal impersonation in the first degree.

The defendant correctly contends that his conviction of four counts of kidnapping in the second degree must be vacated by virtue of the merger doctrine. Under the circumstances of this case, the merger doctrine precludes the convictions of kidnapping in the second degree because the restraint of the complainants was essentially incidental to and inseparable from the count of burglary of which the defendant was convicted (*see People v Cain*, 76 NY2d 119, 124-125 [1990]; *People v McFarlane*, 106 AD3d 836 [2013]; *People v Alston*, 279 AD2d 583, 584 [2001]). Thus, the convictions of four counts of kidnapping in the second degree must be vacated, and those counts of the indictment dismissed.

Moreover, the defendant correctly contends that the hearing court erred in denying those branches of his omnibus motion which were to suppress a statement that he made to law enforcement officials and lineup identification testimony. "A defendant's unequivocal invocation of counsel while in custody results in the attachment of the right to counsel, indelibly so, meaning that, as a matter of state constitutional law, a defendant cannot subsequently waive the right to counsel unless the defendant is in the presence of an attorney representing that defendant" (*People v Harris*, 93 AD3d 58, 66 [2012], *affd* 20

NY3d 912 [2012]; *see People v Grice*, 100 NY2d 318, 320-321 [2003]; *People v Cunningham*, 49 NY2d 203, 205 [1980]). The defendant, who was in custody, invoked his right to counsel prior to waiving his *Miranda* rights (*see Miranda v Arizona*, 384 US 436, 444 [1966]) and giving a statement to law enforcement officials. Since the defendant gave a statement to those officials in the absence of counsel, and after the right to counsel had indelibly attached, the Supreme Court should have suppressed the statement.

Similarly, the defendant's right to counsel was also violated when police officers conducted a lineup without apprising the defendant's attorney and affording the attorney a reasonable opportunity to participate (*see People v Mitchell*, 2 NY3d 272, 274-275 [2004]). Since there was no independent source hearing conducted in connection with an in-court identification of the defendant by one of the complainants, the Supreme Court must conduct a hearing, unless waived by the defendant, to determine whether there was an independent source for the in-court identification or, conversely, whether that identification was tainted by the improperly conducted lineup, and thereby rendered inadmissible (*see People v Jackson*, 74 NY2d 787, 789 [1989]; *People v Coates*, 74 NY2d 244, 249 [1989]; *People v Cofield*, 260 AD2d 395 [1999]; *People v Wright*, 63 AD3d 547, 548 [2009]).

The Supreme Court also erred in permitting the introduction of evidence of prior uncharged crimes. The evidence was not admissible under the identity exception to the *Molineux* rule (*see People v Molineux*, 168 NY 264 [1901]), which generally excludes such evidence. Additionally, the Supreme Court's limiting instruction was insufficient to cure the prejudice caused by the erroneous admission of this evidence (*see People v Barbato*, 82 AD3d 1112, 1113 [2011]; *People v Wilkinson*, 71 AD3d 249, 257 [2010]).

The evidence of the defendant's guilt without the erroneously admitted evidence was not overwhelming and, therefore, the error cannot be deemed harmless. Accordingly, a new trial is required (*see People v Crimmins*, 36 NY2d 230 [1975]).

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.