■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO MATEO, Appellant. [48 NYS3d 712]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered February 20, 2013, convicting him of murder in the second degree (three counts), kidnapping in the first degree, kidnapping in the second degree, burglary in the first degree (three counts), robbery in the first degree (three counts), and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of kidnapping in the first degree (Penal Law § 135.25 [3]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that

count was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the People's contention, the defendant's contention that his conviction of kidnapping in the second degree is precluded by the merger doctrine is preserved for appellate review (*see People v Banks*, 42 AD3d 574, 575-576 [2007]; *see also People v Morales*, 148 AD2d 325, 326-327 [1989]). Moreover, the contention has merit. The merger doctrine " 'is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' " (*People v Bussey*, 19 NY3d 231, 237 [2012], quoting *People v Cassidy*, 40 NY2d 763, 767 [1976]; *see People v Hanley*, 20 NY3d 601, 605 [2013]; *People v Crosdale*, 103 AD3d 749, 751 [2013]). "[A] kidnapping is generally deemed to merge with another offense only 'where there is minimal asportation immediately preceding' the other crime or 'where the restraint and underlying crime are essentially simultaneous' " (*People v Hanley*, 20 NY3d at 606, quoting *People v Gonzalez*, 80 NY2d 146, 153 [1992]). Here, the defendant's restraint of the victim and commission of the underlying crimes of burglary in the first degree and robbery in the first and second degrees were essentially simultaneous. Contrary to the People's contention, the manner in which the victim was restrained did not preclude application of the merger doctrine (*cf. People v Gonzalez*, 80 NY2d at 153; *People v Rivera*, 41 AD3d 740, 741 [2007]; *People v Esposito*, 135 AD2d 727 [1987]). Accordingly, we vacate the defendant's conviction of kidnapping in the second degree and the sentence imposed thereon, and dismiss that count of the indictment (*see People v Garnes*, 127 AD3d 1104, 1105 [2015]; *People v McFarlane*, 106 AD3d 836 [2013]; *People v Alston*, 279 AD2d 583, 584 [2001]).

The defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress his statements to law enforcement officials because there was insufficient attenuation between his statements and police conduct found by the hearing court to violate *Payton v New York* (445 US 573 [1980]). Contrary to the People's contention, the defendant's contention is preserved for appellate review, as the record establishes that the Supreme Court expressly decided the issue (*see* CPL 470.05 [2]; *People v Lugg*, 124 AD3d 679, 679 [2015]; *People v Loper*, 115 AD3d 875, 878 [2014]). However, the contention is without merit. The Fourth Amend-

ment bars a warrantless arrest in a suspect's home, absent exigent circumstances or consent (*see Payton v New York*, 445 US 573 [1980]; *People v Mitchell*, 126 AD3d 1010, 1010 [2015]). Under the New York State Constitution, "statements obtained from an accused following a *Payton* violation must be suppressed unless the taint resulting from the violation has been attenuated" (*People v Harris*, 77 NY2d 434, 437 [1991]). Whether there is sufficient attenuation depends on the temporal proximity of the police misconduct and the defendant's statement, whether there were intervening circumstances, and the purpose and flagrancy of the police misconduct (*see People v Bradford*, 15 NY3d 329, 333 [2010]; *People v Harris*, 77 NY2d at 441; *People v Small*, 110 AD3d 1138, 1140 [2013]). The People have the burden of proving the applicability of the attenuation exception (*see People v Small*, 110 AD3d at 1141).

Here, the People met their burden. Approximately 9½ hours elapsed after the defendant was arrested in his home by a police officer in Reading, Pennsylvania, before he was interrogated by New York detectives. Moreover, the defendant was given *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), signed a *Miranda* card, and agreed to speak with the detectives before making oral and written statements. Moreover, the fact that the defendant was taken into custody only after the arresting officer learned that he was wanted for a homicide in New York was a significant intervening event that served to break the causal connection between the conduct by the arresting officer that the hearing court found to be improper and the defendant's subsequent statements (*cf. People v Harris*, 77 NY2d at 441). The evidence does not indicate that the arresting officer's conduct was motivated by bad faith or a nefarious police purpose (*see People v Bradford*, 15 NY3d at 334). Accordingly, the hearing court properly determined that there was sufficient attenuation between the defendant's statements and the police conduct found to be improper.

The defendant also contends, for the first time on appeal, that his statements to law enforcement officials should be suppressed because they may have been obtained in violation of his constitutional right to counsel. Contrary to the People's contention, "[a]n alleged deprivation of the constitutional right to counsel may be raised on appeal, irrespective of whether such claim has been preserved for appellate review" (*People v Flournoy*, 303 AD2d 762, 762 [2003]; *see People v Kinchen*, 60 NY2d 772, 773 [1983]; *People v Samuels*, 49 NY2d 218, 221 [1980]). However, we are unable to review the defendant's right to counsel claim, as the factual record underlying his claim is

insufficient (*see People v Flournoy*, 303 AD2d at 762). As the People correctly contend, a CPL 440.10 proceeding is the appropriate procedural vehicle for reviewing this claim (*see People v Slack*, 137 AD3d 1568, 1571 [2016]).

In light of our determination vacating the defendant's conviction of kidnapping in the second degree and the sentence imposed thereon, which was imposed consecutively to the sentence imposed on the defendant's remaining convictions, the sentence imposed on the defendant's remaining convictions was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.