Barros, J., dissents, and votes to modify the judgment, on the law, by vacating the convictions of robbery in the first degree, kidnapping in the second degree, and unlawful imprisonment in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and, as so modified, affirming the judgment, with the following memorandum: I agree with the majority that the verdict of guilt on the count of robbery in the second degree is not against the weight of the evidence. However, contrary to the majority’s determination, I find that the evidence was not legally sufficient to support a conviction of robbery in the first degree, and that the convictions of kidnapping in the second degree and unlawful imprisonment in the first degree are precluded by the merger doctrine. Under Penal Law § 160.15 (3), a person commits robbery in the first degree “when he forcibly steals property and . . . [u]ses or threatens the immediate use of a dangerous instrument.” A dangerous instrument is “any instrument . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury” (Penal Law § 10.00 [13]; see People v Hall, 18 NY3d 122, 128 [2011]). “Serious physical injury” is a “physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ” (Penal Law § 10.00 [10]; see People v Hall, 18 NY3d at 128). At issue is whether the duct tape used to restrain the complainant constituted a “dangerous instrument” within the meaning of Penal Law § 10.00 (13). The complainant testified that pieces of duct tape were placed over his mouth and eyes. Duct tape was wrapped around the complainant’s wrists, but not his hands, and his wrists were bound in front of his body. The complainant’s legs were not bound. Based upon the manner in which the duct tape was used to restrain the complainant, there was no evidentiary basis supporting the conclusion that the duct tape was readily capable of killing or maiming the complainant, or of causing any of the other severe harms described in Penal Law § 10.00 (10) (see People v Hall, 18 NY3d at 128; People v Siler, 76 AD2d 938 [1980]; People v Castaldo, 72 AD2d 568 [1979]; People v Early, 59 AD2d 912 [1977]). Therefore, the evidence was not legally sufficient to establish that the duct tape was a “dangerous instrument” to support the conviction of robbery in the first degree. The cases cited by the majority are factually inapposite. In People v Vasquez (88 NY2d 561 [1996]), the defendant forcefully shoved a dense ball of paper towels wadded together with rubber bands into the mouth of a 10-year-old victim so as to break the victim’s tooth and prevent him from spitting it out (see id. at 581). In People v Cwikla (46 NY2d 434 [1979]), the victim died as a result of asphyxiation from being gagged with a handkerchief. In contrast, here, the duct tape was not shoved inside the complainant’s mouth so as to injure, choke, or suffocate the complainant. Accordingly, I would vacate the conviction of robbery in the first degree and the sentence imposed thereon, and dismiss that count of the indictment. “The merger doctrine is intended to preclude conviction for kidnapping or unlawful imprisonment ‘based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them’ ” (People v Crosdale, 103 AD3d 749, 751 [2013], quoting People v Bussey, 19 NY3d 231, 237 [2012]; see People v Hanley, 20 NY3d 601, 605 [2013]; People v Cain, 76 NY2d 119, 124-125 [1990]; People v Cassidy, 40 NY2d 763, 767 [1976]; People v Mateo, 148 AD3d 727, 728 [2017]; People v McFarlane, 106 AD3d 836 [2013]). “Although each case should be considered independently, a kidnapping is generally deemed to merge with another offense . . . where there is minimal asportation immediately preceding the other crime or where the restraint and underlying crime are essentially simultaneous. But where the abduction and underlying crime are discrete or the manner of detention is egregious, regardless of other considerations, there is no merger and the kidnapping conviction should be sustained” (People v Hanley, 20 NY3d at 606 [internal quotation marks and citation omitted]). Here, the restraint of the complainant was essentially incidental to and inseparable from the counts of robbery of which the defendant was convicted (see People v Garnes, 127 AD3d 1104, 1105 [2015]; see also People v Cain, 76 NY2d at 124-125). The restraint and robbery occurred nearly simultaneously. The complainant was pushed into the same storage unit to which he was sent by his coworker, and, therefore, there was no asportation involved. The manner of the complainant’s detention was not egregious, as he was found by his coworker unharmed about 15 minutes after being restrained in the storage unit (see People v Hanley, 20 NY3d at 606; People v Gonzalez, 80 NY2d 146, 153 [1992]; see also People v Mateo, 148 AD3d 727 [2017]). Based upon the foregoing, the merger doctrine precludes the convictions of kidnapping in the second degree and unlawful imprisonment in the first degree. Accordingly, I would vacate those convictions and the sentences imposed thereon, and dismiss those counts of the indictment.