People v Sanchez (2020 NY Slip Op 04494)





People v Sanchez


2020 NY Slip Op 04494


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03764
 (Ind. No. 826/17)

[*1]The People of the State of New York, respondent,
v
Pierre Sanchez, appellant.


Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Margaret Iocco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered March 5, 2018, convicting him of criminal contempt in the first degree (three counts) and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The defendant was charged, inter alia, with multiple counts of criminal contempt arising from two incidents in 2017 involving the complainant, his former girlfriend. On January 4, 2017, the defendant followed the complainant in his vehicle as she drove on the Belt Parkway. The complainant called 911, and the operator and the police directed the complainant to exit the highway, where the police were waiting to pull over the defendant. On April 7, 2017, at about 10:00 p.m., the complainant and a date were returning to the complainant's car, when the defendant jumped out at them from a hiding place, lunging at them, threatening them, and pushing the complainant to the ground. The complainant filed a police report, and the defendant was arrested. On both of these dates, orders of protection were in effect in favor of the complainant and against the defendant.
Following a jury trial, the defendant was convicted of criminal contempt in the first degree (three counts) and criminal contempt in the second degree. The defendant appeals, and we reverse.
We agree with the defendant's contention that the Supreme Court erred in denying his application for a missing witness charge with respect to the complainant's date. Contrary to the People's argument, this contention is preserved for appellate review (see CPL 470.05[2]; People v Mateo, 148 AD3d 727, 728).
The proponent of a missing witness charge "initially must demonstrate only three things via a prompt request for the charge: (1) that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case,' (2) that such witness can be expected to testify favorably to the opposing party,' and (3) that such party has failed to call' the witness to [*2]testify" (People v Smith, 33 NY3d 454, 458-459, quoting People v Gonzalez, 68 NY2d 424, 427). "The party opposing the charge, in order to defeat the proponent's initial showing, must either account for the witness's absence or demonstrate that the charge would not be appropriate" (People v Arcila, 177 AD3d 585, 587). "This burden can be met by demonstrating that the witness is not knowledgeable about the issue, that the issue is not material or relevant, that although the issue is material or relevant, the testimony would be cumulative to other evidence, that the witness is not available', or that the witness is not under the party's control' such that he [or she] would not be expected to testify in his or her favor" (People v Gonzalez, 68 NY2d at 428; see People v Smith, 33 NY3d at 459). If the party opposing the charge meets its burden to rebut the proponent's prima facie showing, "the proponent retains the ultimate burden to show that the charge would be appropriate" (People v Smith, 33 NY3d at 459).
Here, the defendant met his prima facie burden to show that the complainant's date was believed to be knowledgeable about a material issue pending in the case and was expected to testify favorably to the People, who had failed to call him to testify. According to the complainant, her date was present during the incident on April 7, 2017, and was a victim during that incident. The People failed to rebut this prima facie showing (see People v Smith, 33 NY3d at 459; People v Gonzalez, 68 NY2d at 428; People v Marsalis, 22 AD3d 866). Contrary to the People's contention, they failed to establish that the complainant's date was unavailable as a witness. He appeared in court pursuant to the People's so-ordered subpoena, and his counsel stated that although he did not wish to be a witness, he was outside the courtroom and was prepared to testify. Further, the People did not establish that the complainant's date was not under the People's "control," such that he would not be expected to testify in their favor, given that he allegedly was on a date with the complainant when the defendant lunged at them, threatened them, and pushed the complainant to the ground. Moreover, the People did not demonstrate that the testimony would have been cumulative. Therefore, the Supreme Court should have granted the defendant's application for a missing witness charge with respect to the complainant's date. Contrary to the People's contention, the error was not harmless (see People v Crimmins, 36 NY2d 230).
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Queens County, for a new trial.
In light of our determination, we need not reach the defendant's remaining contentions.
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court