People v Almonte (2024 NY Slip Op 02426)

People v Almonte

2024 NY Slip Op 02426

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

213 KA 22-01350

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCO A. ALMONTE, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MARCO A. ALMONTE, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered August 16, 2022. The judgment convicted defendant upon a jury verdict of kidnapping in the second degree, strangulation in the second degree, assault in the third degree and criminal contempt in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the second degree (Penal Law § 135.20), strangulation in the second degree (§ 121.12), assault in the third degree (§ 120.00 [1]), and criminal contempt in the first degree (§ 215.51 [b] [iii]).
In his main brief, defendant contends that County Court erred in denying his request to charge unlawful imprisonment in the second degree as a lesser included offense of kidnapping in the second degree. We reject that contention. Viewing the evidence in the light most favorable to defendant, there is no reasonable view of the evidence that defendant committed the crime of unlawful imprisonment in the second degree, which requires a determination that defendant restrained the victim (see Penal Law § 135.05), but not kidnapping in the second degree, which requires a determination that defendant abducted the victim (see § 135.20; see generally People v Randolph, 81 NY2d 868, 869 [1993]). As relevant here, the term abduct "means to restrain a person with intent to prevent [their] liberation by . . . using or threatening to use deadly physical force" (§ 135.00 [2] [b]). Here, the only means employed by defendant to restrain the victim was his threatened use of a gun. Under these circumstances, the victim's "restraint can only be reasonably viewed as an abduction" (People v Linderberry, 222 AD2d 731, 734 [3d Dept 1995], lv denied 87 NY2d 975 [1996]; see People v Sanford, 48 AD3d 221, 221-222 [1st Dept 2008], lv denied 10 NY3d 869 [2008]; People v Gardner, 28 AD3d 1221, 1222 [4th Dept 2006], lv denied 7 NY3d 812 [2006]).
Defendant's contention in his main brief that the evidence is legally insufficient to support the conviction of kidnapping in the second degree because the evidence failed to establish the element of abduction is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, "we necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence" with respect to that crime (People v Desmond, 224 AD3d 1303, 1304 [4th Dept 2024], lv denied 41 NY3d 964 [2024] [internal quotation marks omitted]; see People v Danielson, 9 NY3d 342, 349-350 [2007]). Viewing the evidence in light of the elements of the crime of kidnapping in the second degree as charged to the jury, we conclude that, although an acquittal would not have been unreasonable, the verdict with respect to that crime is not against [*2]the weight of the evidence (see Danielson, 9 NY3d at 349; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention in his pro se supplemental brief that his conviction of criminal contempt in the first degree is not supported by legally sufficient evidence is unpreserved inasmuch as defendant failed to raise that contention in his motion for a trial order of dismissal (see Gray, 86 NY2d at 19; People v Hill, 206 AD3d 1616, 1618 [4th Dept 2022], lv denied 38 NY3d 1151 [2022]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
In his main brief, defendant contends that the court erred in denying that part of his omnibus motion seeking to dismiss the charge of kidnapping in the second degree pursuant to the merger doctrine. The kidnapping merger doctrine is a judicially-created doctrine intended to prevent overcharging and "to prohibit a conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and independent criminal responsibility for kidnapping may not fairly be attributed to the accused" (People v Hanley, 20 NY3d 601, 605-606 [2013] [internal quotation marks omitted]). A kidnapping charge "is generally deemed to merge with another offense only where there is minimal asportation immediately preceding the other crime or where the restraint and underlying crime are essentially simultaneous" (id. at 606 [internal quotation marks omitted]). Even if that is so, however, there is no merger where "the manner of detention is egregious" (id. [internal quotation marks omitted]). We agree with defendant that the court erred in concluding that the merger doctrine did not apply because defendant was charged only with kidnapping and, therefore, there was no other crime with which the count could merge.
Here, defendant correctly contends that he had committed acts that would have supported a conviction for menacing and, therefore, the merger doctrine was applicable whether he was charged with the lesser offense or not (cf. People v Denson, 26 NY3d 179 [2015]). The position advocated by the People would undermine the entire purpose of the merger doctrine, which was "to rectify th[e] problem of overcharging," by permitting a prosecutor "to charge a defendant with kidnapping in order to expose [defendant] to the heavier penalty even if the underlying criminal conduct constituted a robbery, rape or some other offense carrying a lesser term of incarceration" (Hanley, 20 NY3d at 605 [internal quotation marks omitted]).
Inasmuch as the court did not rule on the People's alternative argument—i.e., that the merger doctrine did not apply because any alleged menacing of the victim was incidental to the kidnapping—we may not affirm the decision on that ground (see People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; People v Smith, 202 AD3d 1492, 1494 [4th Dept 2022]). We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on the motion in accordance with this memorandum (see generally People v Gambale, 150 AD3d 1667, 1669-1670 [4th Dept 2017]).
Defendant contends that the court erred in denying his request to charge the jury with justification involving the use of ordinary physical force. We reject that contention. "Deadly physical force" is defined as "physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]). We agree with the court here that defendant's application of "pressure and force against [the] victim's neck to obstruct h[er] breathing and cause stupor constitute[d] 'deadly physical force' for purposes of Penal Law § 35.15 (2)" (People v Pietoso, 168 AD3d 1276, 1281 [3d Dept 2019], lv denied 33 NY3d 1034 [2019]), and there is no reasonable view of the evidence that defendant used anything but deadly physical force (see People v Poston, 95 AD3d 729, 730 [1st Dept 2012], lv denied 19 NY3d 1104 [2012]).
We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none warrants modification or reversal of the judgment.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court