■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD SMITH, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 15, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's belated argument at the suppression hearing raising a question as to whether probable cause existed to arrest defendant did not preserve the issue for review as a matter of law (*People v Smith,* 108 AD2d 763; *People v Jones,* 81 AD2d 22). We further find that our intervention in the interest of justice is unwarranted.

The hearing court's determination that defendant's statement to the police and his subsequent videotaped confession were voluntarily made is supported by the evidence in the record and should, therefore, be upheld (*see, People v Armstead,* 98 AD2d 726).

With respect to defendant's contention that the court erroneously refused to discharge three prospective jurors after he challenged them for cause, we find that as to the venireman whose brother had been killed in a fight, any error was waived when counsel failed to exercise an available peremptory challenge and codefendant's counsel never refused to consent to the same (CPL 270.20 [2]; *People v Foster,* 100 AD2d 200, *mod on other grounds* 64 NY2d 1144). Nor is there any merit to defendant's claim regarding the two prospective jurors who were bus drivers employed by the New York City Transit Authority. Merely because the murder took place in a subway station and one of the People's witnesses was the token booth clerk on duty at the time does not indicate that such persons would be unlikely to render an impartial verdict (*see, People v Provenzano,* 50 NY2d 420).

The court did not abuse its discretion when it excluded all witnesses, including defendant's mother, from the courtroom during the trial, after she had heard the testimony of all but two of the witnesses who testified at the trial. It is clear that the court had the inherent power to do so (*People v Jelke,* 308 NY 56, 63), even where members of the defendant's family are concerned (*People v Joseph,* 59 NY2d 496). However, at no time were spectators in general denied access to the courtroom. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.