■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM O. CANADA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of manslaughter in the first degree and criminal possession of a weapon in the fourth degree. We are not persuaded by defendant's claim that

County Court violated CPL article 730 by failing, *sua sponte,* to order a competency evaluation of him. Although the court had knowledge of instances of mental disability and emotional difficulty experienced by defendant, that is not sufficient to suggest to the court that defendant was incompetent to stand trial as defined in CPL 730.10 (1) *(see, People v Dudasik,* 112 AD2d 20; *see also, People v Harris,* 109 AD2d 351, 359, *lv denied* 66 NY2d 919).

The court did not err by ordering restitution to the victim's parents. Restitution can be ordered to be paid to third parties who have reimbursed the victim for his loss *(see, People v Hall-Wilson,* 69 NY2d 154). The victim's parents were billed for the hospital services rendered to the victim and for his funeral expenses. The amount of the loss was readily ascertainable from the bills for these services, which were appended to the presentence report. This constitutes sufficient evidence on the record to support the court's award of restitution (Penal Law § 60.27 [2]). The sentence imposed was not harsh and excessive. (Appeal from judgment of County Court, Erie County, Dadd, J.—manslaughter, first degree.) Present— Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.