■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAYMOND EVANS, Appellant. [662 NYS2d 651] —Judgment unani-
mously modified on the law and as modified affirmed and mat-
ter remitted to Onondaga County Court for further proceedings
in accordance with the following Memorandum: Defendant ap-
peals from a judgment convicting him after a jury trial of mur-
der in the second degree (Penal Law § 125.25 [1]) and criminal
possession of a weapon in the second degree (Penal Law

§ 265.03). His contentions that the verdict is not supported by legally sufficient evidence that he acted with intent and is contrary to the weight of the evidence lack merit. Four eyewitnesses testified that defendant argued with his girlfriend minutes before the shooting, fired a shot into the kitchen floor to scare her, warned her that she could be shot and then held the gun inches from her head and fired the fatal shot. Defendant admitted that he had argued with her and that he was angry. He also testified that, after the shooting, he left the scene and disposed of the gun. The jury could infer from those circumstances that defendant intended to kill his girlfriend (*see, People v Steinberg*, 79 NY2d 673, 682; *People v Wallace*, 217 AD2d 918, 918-919, *lv denied* 86 NY2d 847), and we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

The prosecutor did not engage in misconduct by questioning prospective jurors about their potential reactions to variations in the testimony of eyewitnesses and whether they would categorically reject the testimony of a witness who had a prior conviction and who testified concerning the use of cocaine. The prosecutor merely engaged in "the standard trial tactic of giving the panel [of prospective jurors] a preview of the weaknesses in [his] case and gauging the reaction" (*People v Porter*, 226 AD2d 275, 277).

We reject the contention that the prosecutor engaged in misconduct when, during his opening statement, he referred to certain conduct of defendant committed prior to the shooting but failed to present evidence of that conduct during the trial. Absent bad faith or undue prejudice, reversal is not required because the prosecutor fails to prove every statement or representation made during an opening statement (*see, People v De Tore*, 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York*, 419 US 1025; *People v Mariani*, 203 AD2d 717, 720, *lv denied* 84 NY2d 869). Although the prosecutor engaged in misconduct by his overzealous cross-examination of defendant in the nature of character assassination and by his repeated extraneous sarcastic remarks during summation (*see, People v Hicks*, 102 AD2d 173, 182-183; *see also, People v McCann*, 90 AD2d 554), County Court sustained prompt objections to the improper questioning, and defense counsel did not request curative instructions, move for a mistrial or object to any of the summation comments. Further, proof of defendant's guilt is overwhelming, and we cannot conclude that the misconduct was so egregious that defendant was denied a fair trial (*see, People v Curley*, 159 AD2d 969, 970, *lv denied* 76 NY2d 733; *cf., People v Mott*, 94 AD2d 415, 419).

There is no merit to the contention that defendant was denied effective assistance of counsel, and we conclude that the sentence is not unduly harsh or severe. However, we modify the judgment by vacating that portion of the sentence awarding restitution, and we remit the matter to Onondaga County Court to determine whether restitution should be awarded and, if so, in what amount (*see, People v Stone*, 225 AD2d 1067, 1068, *lv denied* 88 NY2d 886). Although a defendant may be compelled to pay restitution to a victim's family for hospital or funeral expenses (*see, People v Canada*, 156 AD2d 1001, 1002, *lv denied* 75 NY2d 964), here there is no proof that the victim's family incurred any expense. (Appeal from Judgment of Onondaga County Court, Brandt, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.