■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARKIM JAMES, Appellant. [727 NYS2d 626] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered March 1, 1999, convicting him of manslaughter in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly refused to consider manslaughter in the second degree as a lesser-included offense of either murder in the second degree or manslaughter in the first degree since no reasonable view of the evidence supported such a charge (see, *People v Glover,* 57 NY2d 61; *People v Kelly,* 221 AD2d 661, *lv denied* 87 NY2d 974, *cert denied* 517 US 1200; *People v Evans,* 192 AD2d 671; *People v Vanier,* 178 AD2d 501). There is no reasonable view of the evidence that would allow a factfinder to conclude that the defendant may have acted with a reckless disregard of a substantial risk to the decedent, but not with the intent to seriously injure him (cf., *People v Morel,* 213 AD2d 497; *People v Cook,* 96 AD2d 1059).

The defendant's sentence was not excessive (see, *People v Suitte,* 90 AD2d 80). Ritter, J. P., Florio, H. Miller and Crane, JJ., concur.