Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered August 1, 2012, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 20 years, and otherwise affirmed.
The court properly declined to submit the lesser included offense of second-degree manslaughter, or the defense of intoxication. Neither was supported by a reasonable view of the evidence, viewed most favorably to defendant.
Defendant admitted he acquired a knife in preparation for possible confrontation with the deceased, although defendant asserted he was in fear of being attacked.
There was no reasonable view of the evidence that defendant acted with anything less than intent to cause serious injury (see e.g. People v Castro, 76 AD3d 421, 425 [1st Dept 2010], lv denied *542 15 NY3d 892 [2010]; People v Cesario, 71 AD3d 587 [1st Dept 2010], lv denied 15 NY3d 803 [2010], cert denied 562 US —, 131 S Ct 670 [2010]). Furthermore, although defendant described his alcohol consumption in detail, his behavior was entirely purposeful, and there was no reasonable view of the evidence that he was so intoxicated as to be unable to form the requisite intent (see People v Beaty, 22 NY3d 918, 921 [2013]; People v Sirico, 17 NY3d 744, 745 [2011]). Even if defendant’s testimony may have supported a jury instruction on the defense of justification, which the court granted, that testimony did not support instructions on intoxication or second-degree manslaughter.
However, we find the sentence excessive to the extent indicated. Concur — Tom, J.E, Acosta, Freedman and Kapnick, JJ.