■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant. [996 NYS2d 273]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered November 21, 2011, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.

The court properly exercised its discretion (*see People v Steward*, 17 NY3d 104, 110 [2011]; *People v Boulware*, 29 NY2d 135, 139 [1971], *cert denied* 405 US 995 [1972]), in precluding defendant from questioning prospective jurors during voir dire regarding whether they could disregard a confession if they found it to be involuntary. The People had not yet decided whether they would introduce defendant's statements, which could be viewed as inculpatory or exculpatory, depending on defendant's choice of defenses. Thus, if the statements ultimately were not admitted, questioning the jurors regarding their ability to disregard an involuntary confession would invite the jurors to speculate as to the content of the statements and why they had not been introduced into evidence (*see People v Diaz*, 258 AD2d 356 [1st Dept 1999], *lv denied* 93 NY2d 969 [1999]).

By failing to object, or by failing to request additional relief after the court responded to an objection by issuing a curative instruction, defendant failed to preserve any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

To the extent the existing record permits review, we find that defendant received effective assistance under the state and

federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that his counsel's lack of objection during the People's summation fell below an objective standard of reasonableness, deprived defendant of a fair trial or affected the outcome of the case (*compare People v Cass*, 18 NY3d 553, 564 [2012], *with People v Fisher*, 18 NY3d 964 [2012]).

Defendant did not preserve his claim that, in imposing sentence, the court improperly considered a charge that resulted in an acquittal (*see People v Harrison*, 82 NY2d 693 [1993]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record fails to support this assertion. We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ.