THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT S. FORNAL, JR., Appellant. [997 NYS2d 633]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered July 11, 2013, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of burglary in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of

guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, the defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Taylor*, 98 AD3d 593, 594 [2012], *affd sub nom. People v Heidgen*, 22 NY3d 259 [2013]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Because the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*People v Taylor*, 98 AD3d at 594; *see People v Delancey*, 94 AD3d 1015 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.