THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. TIEMAN, Appellant. [17 NYS3d 743]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered December 3, 2012, convicting him of operating a motor vehicle while under the influence of alcohol (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The credible testimony at the suppression hearing established that a police detective observed the defendant's vehicle driving in the left lane of a two-lane road against traffic, with its headlights pointed toward a wooded area containing public hunting land. This gave the detective probable cause to believe that the defendant had violated Vehicle and Traffic Law § 1120 by driving on the wrong side of the roadway and that he had violated Environmental Conservation Law § 11-0901 (1) by using the headlights of his vehicle for the purpose of hunting (*see People v Abraham*, 111 AD3d 756 [2013]; *People v Davis*, 103 AD3d 810, 811 [2013]; *People v Glover*, 84 AD3d 977, 978 [2011]). After stopping the defendant's vehicle and inquiring as to whether everything was okay, the detective detected the odor of alcohol on the defendant's breath. The defendant's speech was slurred, his face was flushed, and his eyes were red and glassy. The defendant admitted that he had consumed alcohol, and failed four out of five field sobriety tests. Based on all of the above, the detective had probable cause to arrest the defendant for a violation of Vehicle and Traffic Law § 1192 (*see People v Shaffer*, 95 AD3d 1365, 1366 [2012]; *People v Biro*, 85 AD3d 1570, 1571 [2011]; *People v Schmitt*, 262 AD2d 588 [1999]). The detective's initial questioning of the defendant at the traffic stop was investiga-

tory in nature, and once the defendant was in custody, all questioning was preceded by proper *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Bennett*, 70 NY2d 891, 893-894 [1987]; *People v Gore*, 117 AD3d 845 [2014]).

The defendant contends that his right to trial by an impartial jury was violated by the seating of a prospective juror who expressed uncertainty as to whether he would draw a negative inference if the defendant chose not to testify. This contention is unpreserved for appellate review, since the defendant failed to challenge the prospective juror for cause in the trial court (*see People v Simmons*, 119 AD3d 1343 [2014]; *People v Scott*, 197 AD2d 644, 645 [1993]). In any event, an erroneous denial of a challenge for cause by a defendant "does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete" (CPL 270.20 [2]; *see People v Lynch*, 95 NY2d 243, 248 [2000]; *People v Williams*, 97 AD3d 769, 770 [2012]). Here, the defendant did not use a peremptory challenge on the prospective juror, and did not exhaust his peremptory challenges. Any claim as to that juror is therefore deemed waived (*see People v Jackson*, 59 AD3d 736 [2009]; *People v Pagan*, 191 AD2d 651 [1993]; *People v Smith*, 111 AD2d 883 [1985]).

The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant failed to show that he suffered substantial prejudice from the People's delay in disclosing certain *Rosario* material (*see People v Banch*, 80 NY2d 610, 617 [1992]; *People v Rosario*, 9 NY2d 286 [1961]; *People v Aviles*, 119 AD3d 871, 871-872 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.