■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS A. DELGADO, Appellant. [21 NYS3d 706]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Ambro, J.), rendered July 2, 2013, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt (*see* Penal Law § 140.25 [2]). "[A] conviction may be sustained where sufficient evidence exists to infer the requisite intent from the defendant's conduct and the surrounding circumstances" (*People v Lamont*, 25 NY3d 315, 319 [2015]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant's contention that the testimony of a detective usurped the jury's fact-finding function is unpreserved for appellate review, as he failed to object to the allegedly improper testimony at trial (*see People v Torres*, 71 AD3d 1063 [2010]).

In any event, although the People acknowledge that the detective's expression of his personal belief as to the defendant's veracity was error, such error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the jury would have acquitted the defendant but for the detective's testimony (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

The defendant's argument that a certain juror was grossly unqualified to serve on the jury is without merit, as the juror's statements made during voir dire, taken in context and as a whole, unequivocally demonstrated that she could be fair and impartial (*see* CPL 270.35 [1]; *People v Chambers*, 97 NY2d 417, 419 [2002]).

The defendant's claim in his pro se supplemental brief that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a mixed claim of ineffective assistance (*see People v Maxwell*, 89 AD3d 1108, 1109 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel. Since the defendant's ineffective assistance claim cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Tieman*, 132 AD3d 703 [2015]; *People v Mills*, 132 AD3d 698 [2015]; *People v Jemmott*, 132 AD3d 697 [2015]). Dillon, J.P., Austin, Roman and Barros, JJ., concur.