[68 NE3d 61, 45 NYS3d 336]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant.

Argued November 17, 2016; decided December 22, 2016

**POINTS OF COUNSEL**

*Alston & Bird LLP* (*Daniella P. Main* of counsel) and *Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Margaret E. Knight* of counsel), for appellant.

*Darcel D. Clark, District Attorney*, Bronx (*Lori Ann Farrington* and *Nancy Killian* of counsel), for respondent.

**OPINION OF THE COURT**

Pigott, J.

The central issue in this appeal is whether the trial court abused its discretion in prohibiting defense counsel from questioning prospective jurors with respect to their views on involuntary confessions. Because the trial court precluded all inquiry on this topic and did so based, in part, on the prosecution's uncertainty of whether they were going to introduce defendant's inculpatory statements at trial, we conclude that the trial court abused its discretion. Defendant is therefore entitled to a new trial.

Defendant was charged with, among other things, murder in connection with the shooting death of William Richardson. Defendant gave both a verbal and written statement to the police admitting his involvement in the shooting. He stated that on the day of the incident, Richardson approached him asking about a missing cell phone. Sometime thereafter, while defendant was sitting on the steps of an apartment building, Richardson approached defendant and threatened him with an ice pick. Defendant pulled out a gun and shot at Richardson as Richardson fled. The People's case, in addition to the inculpatory statements, included two eyewitnesses to the crime.

Prior to the commencement of jury selection, defense counsel asked if he, or the court, could inform prospective jurors that there are certain rules related to the use of statements attributed to defendants. Defense counsel explained,

> "I'd like to be able to wean out jurors who will never accept that. There are rules that apply to the use of [involuntary] statements. And I'm afraid if somebody who's going to be a juror and say well, you know, if he confessed or if he said he did it, that's the end of the story for me."

The prosecution responded that they were uncertain as to whether they were going to introduce defendant's statements at trial and asked that no mention of them be made.

The court denied defense counsel's request, concluding that the issue should not be addressed at the jury selection stage. It reasoned that because the prosecution had not yet determined

whether they would introduce defendant's statements, questioning the jurors with respect to their views on confessions would improperly invite the jurors to speculate as to the existence of an exculpatory or inculpatory statement in the event no statements were admitted into evidence. The court also concluded that given all the "press about trial verdicts being revisited because of issues about the statements and the circumstances under which the statements were made and whether they were coerced and whether they were truthful," jurors could accept without question the fact that an involuntary statement cannot be considered for any purpose.

At trial, the People introduced the defendant's statements on their direct case. The jury ultimately found defendant not guilty of murder in the second degree and criminal possession of a weapon in the second degree, but guilty of the lesser offense of manslaughter in the first degree. On appeal, defendant argued, among other things, that the trial court committed reversible error when it precluded defense counsel from questioning prospective jurors during voir dire as to their ability to follow and apply the law regarding the use of involuntary statements at trial. The Appellate Division rejected defendant's argument and affirmed his judgment of conviction (122 AD3d 492 [1st Dept 2014]). A Judge of this Court granted defendant leave to appeal, and we now reverse.

Criminal Procedure Law § 270.15 (1) (c) provides that "[e]ach party shall be afforded a fair opportunity to question the prospective jurors as to any unexplored matter affecting their qualifications, but the court shall not permit questioning that is repetitious or irrelevant, or questions as to a juror's knowledge of rules of law." The scope of a party's examination of prospective jurors is within the discretion of the trial court (*id.*). Because this is "an area of the law which does not lend itself to the formulation of precise standards or to the fashioning of rigid guidelines . . . [t]he Judge presiding necessarily has broad discretion to control and restrict the scope of the *voir dire* examination" (*People v Boulware*, 29 NY2d 135, 139-140 [1971]). Any restriction imposed on voir dire, however, must afford "counsel a fair opportunity to question prospective jurors about relevant matters" (*People v Steward*, 17 NY3d 104, 110 [2011] [internal quotation marks and citation omitted]).

Under the circumstances of this case, the trial court abused its discretion when it entirely precluded questioning on the issue of involuntary confessions and refused to make its own inquiry of the potential jurors on the issue. Defense counsel's

request to question prospective jurors about their ability to follow the law and disregard an involuntary confession went to the heart of determining whether those jurors could be impartial and afford defendant a fair trial. Indeed, defendant, facing the most serious charge of murder, premised his defense at trial on the involuntariness of his inculpatory statements, which effectively corroborated the testimony of the two eyewitnesses whose credibility was strenuously assailed by the defense.

Furthermore, the fact that the prosecution had not determined, by the time of jury selection, whether it would use defendant's inculpatory statements at trial should not have resulted in precluding any questioning on the issue altogether, by either the court or defense counsel.* Defense counsel here never sought to place the contents of defendant's statements before the jury. Rather, he sought only to question prospective jurors on their ability to follow and apply the law regarding the prohibited use of an involuntary statement. Moreover, the trial court had other ways to address any potential speculation and prejudice to the prosecution while still safeguarding defendant's right to adequately voir dire the jury. For instance, the court could have instructed the prospective jurors that it did not yet know whether there were any statements that would come in as evidence, but if there were, it was the law that such statements must be disregarded if the jury found them to be involuntary. Indeed, the court used a similar tactic when questioning the potential jurors about their ability to follow the law regarding the defense of justification.

In light of our determination, we need not address defendant's ineffective assistance of counsel claim.

Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

Chief Judge DiFIORE and Judges RIVERA, ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur.

Order reversed and a new trial ordered.

---

* Although the prosecutor did not mention the evidence of the statements during her opening remarks (see People v Kurtz, 51 NY2d 380 [1980]), the record tends to support defendant's view that it was likely the prosecution would introduce defendant's statements at trial. At the time the trial court addressed defense counsel's request to inquire about prospective jurors' views on a justification defense, the prosecution and the court both indicated their understanding that the prosecution intended to introduce defendant's verbal and written statements at trial.