People v Bethea (2018 NY Slip Op 01474)





People v Bethea


2018 NY Slip Op 01474


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2011-06537
 (Ind. No. 10-00766)

[*1]The People of the State of New York, respondent,
v
Rodney Bethea, appellant.


Gary E. Eisenberg, New City, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Jeffrey G. Berry, J.), rendered June 29, 2011, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record of the pre-trial Huntley hearing (see People v Huntley, 15 NY2d 72) shows that at the outset of a custodial interview by the police, the defendant made an intelligent, knowing, and voluntary waiver of his Miranda rights (see Miranda v Arizona, 384 US 436), and that his statement to the police was not the product of coercion (see People v Mateo, 2 NY3d 383, 413-414; People v Booker, 49 AD3d 658, 658; People v Sepulveda, 40 AD3d 1014, 1014).
The County Court erred in declining to suppress the statement elicited from the defendant after he unequivocally invoked the right to counsel, as well as evidence from a buccal swab that was taken after the defendant invoked his right to counsel. A suspect in custody who unequivocally requests the assistance of counsel may not be questioned further in the absence of an attorney (see People v Grice, 100 NY2d 318, 320-321; People v Glover, 87 NY2d 838, 839; People v West, 81 NY2d 370, 373-374; People v Cunningham, 49 NY2d 203, 209). "A defendant's unequivocal invocation of counsel while in custody results in the attachment of the right to counsel, indelibly so, meaning that, as a matter of state constitutional law, a defendant cannot subsequently waive the right to counsel unless the defendant is in the presence of an attorney representing that defendant" (People v Harris, 93 AD3d 58, 66; see People v Grice, 100 NY2d at 320-321; People v Cunningham, 49 NY2d at 205). Further, an " alleged deprivation of the constitutional right to counsel may be raised on appeal, irrespective of whether such claim has been preserved for appellate review'" (People v Mateo, 148 AD3d 727, 729, quoting People v Flournoy, 303 AD2d 762, 762; see People v Kinchen, 60 NY2d 772, 773; People v Samuels, 49 NY2d 218, 221).
Here, a recording of the defendant's custodial statement to the police, which was [*2]entered into evidence at the hearing, shows that during the interview the defendant twice stated, "I think I need a lawyer." The defendant's statements constituted an unequivocal invocation of the right to counsel, and after those statements, the police continued their questioning of the defendant and took no steps to comply with the defendant's unequivocal request for counsel. Therefore, the remainder of the defendant's statement after that point, as well as the buccal swab that he provided to the police after that point, should have been suppressed from evidence (see People v Porter, 9 NY3d 966, 967; People v Esposito, 68 NY2d 961, 962; People v Harris, 93 AD3d at 69-70; People v Wood, 40 AD3d 663, 664). However, this error was harmless, as the evidence of guilt without reference to the statement and buccal swab was overwhelming, and there is no reasonable possibility that the error contributed to the conviction (see People v Paulman, 5 NY3d 122, 134; People v Zalevsky, 82 AD3d 1136, 1138).
The defendant's challenge to the jury charge regarding his statement to the police is unpreserved for appellate review (see CPL 470.05[2]). In any event, any error in the court's instruction was harmless (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant failed to preserve for appellate review his contention that the County Court should have submitted to the jury the count of manslaughter in the second degree (see CPL 470.05[2]; People v Nunez, 120 AD3d at 716). In any event, the court properly declined to charge the jury as to this count, as there was no reasonable view of the evidence that the defendant acted with anything less than intent to seriously injure or kill the victim (see People v Alvaradoajcuc, 142 AD3d 1094, 1095; People v Delgado, 116 AD3d 541; People v James, 284 AD2d 549).
The defendant failed to preserve for appellate review his challenge to the prosecutor's summation remarks (see CPL 470.05[2]; People v Bell, 136 AD3d 838, 839). Certain remarks by the prosecutor denigrated the defense and were inflammatory, including her comment that the defendant "had plenty of time to concoct a story," and the comment that the defendant had failed to pray for the victim. In addition, the prosecutor's comment that a witness had wiped off a baseball bat was not based on the trial evidence. Nonetheless, these errors were harmless, as there was overwhelming evidence of guilt, and no significant probability that any error in this regard might have contributed to the conviction (see People v Crimmins, 36 NY2d at 241-242; People v Brown, 139 AD3d 964, 966). Further, the improper summation remarks were not egregious or pervasive enough to have deprived the defendant of a fair trial (see People v Nanand, 137 AD3d 945, 947-948; People v Roscher, 114 AD3d 812, 813). Moreover, the cumulative effect of the errors did not deny the defendant a fair trial (see People v Crimmins, 36 NY2d at 237-238).
Contrary to the defendant's contentions, raised in his main brief and his pro se supplemental brief, a review of the record shows that the defendant was afforded the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
In his pro se supplemental brief, the defendant raises several additional contentions. The defendant's contentions regarding voir dire are unpreserved for appellate review (see CPL 470.05[2]; see also People v Vasquez, 89 NY2d 521, 534). In any event, the "scope of a party's examination of prospective jurors is within the discretion of the trial court" (People v Miler, 28 NY3d 355, 358). Here, the County Court providently exercised its discretion in permitting the prosecutor to make the challenged remarks during the examination of the prospective jurors (see CPL 270.15[1][c]; People v Evans, 242 AD2d 948, 949). The defendant's contention that the court made improper comments to the venire panel is without merit. Although the transcript attributes certain challenged comments to the court, our review of the transcript indicates that those comments were made by the prosecutor. Moreover, the court had discretion to allow those remarks (see id. at 949).
The defendant failed to preserve for appellant review his contention that the County Court erred in failing to ask a seated juror whether she was qualified to continue to serve (see CPL [*3]470.05[2]). In any event, the record does not demonstrate that the subject juror made any statements or engaged in any conduct that would indicate that she was "grossly unqualified" to serve on the jury (CPL 270.35[1]). Consequently, the court was not required to ask that juror whether she was qualified to continue to serve (see People v Delgado, 134 AD3d 1046, 1047; see also People v Saunders, 83 AD3d 1100).
Lastly, the defendant's contention, raised in his pro se supplemental brief, that the County Court should have precluded the testimony of a witness based on the lack of notice pursuant to CPL 710.30(1) is based on matters dehors the record and, thus, not reviewable on direct appeal.
HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
HALL, J.P., dissents, and votes to reverse the judgment, on the law, grant those branches of the defendant's omnibus motion which were to suppress physical evidence and so much of his statement to law enforcement officials as was made after the defendant invoked his right to counsel, and order a new trial, with the following memorandum:
The defendant and the victim had a physical altercation while they were both attending a party at a house in Newburgh. According to the People, shortly after the altercation, on the driveway outside of the house, the defendant repeatedly struck the victim with a baseball bat, causing his death. When the defendant was interrogated by the police the next day, he admitted that he had punched the victim several times in the face, causing him to fall to the ground. However, it was only after the defendant unequivocally invoked his right to counsel, and after the police improperly continued to question the defendant, that the defendant admitted that he struck the victim with a baseball bat. Also following the defendant's invocation of the right to counsel, the defendant provided a buccal swab to the police. The DNA on the buccal swab was later determined to match the DNA on a baseball bat recovered at the house. Following a suppression hearing, the County Court denied those branches of the defendant's omnibus motion which were to suppress the buccal swab and the statement made by the defendant after his invocation of the right to counsel. After a jury trial, the defendant was convicted of manslaughter in the first degree (for causing the death of the victim with the intent to cause serious physical injury) and criminal possession of a weapon in the third degree. The defendant appeals.
I agree with my colleagues in the majority that the County Court erred in failing to suppress the buccal swab and the statement made by the defendant after his unequivocal invocation of his right to counsel. Contrary to the conclusion of my colleagues in the majority, however, I believe that these errors cannot be deemed harmless beyond a reasonable doubt. Accordingly, I would order a new trial.
Because the County Court's error in failing to suppress the evidence obtained after the defendant's invocation of the right to counsel constituted constitutional error, the error cannot be deemed harmless unless there is no reasonable possibility that the error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 237).
Here, there was only one witness at trial who testified that he saw the defendant strike the victim with a baseball bat. That witness testified that he had consumed 4 cups of brandy mixed with soda prior to arriving at the party, and 3½ cups of vodka between the time that he arrived at the party and the time of the altercation between the defendant and the victim. The witness testified that he was feeling "a little like pas[t] tipsy" at the time of the altercation. Moreover, the evidence that should have been suppressed—the defendant's admission that he struck the victim with a baseball bat and the buccal swab that revealed that the defendant had handled a baseball bat recovered at the house—was arguably the most damaging evidence that was presented to the jury. Under the circumstances, I am not satisfied that there is no reasonable possibility that the County Court's error in allowing the admission of this evidence might have contributed to the conviction (see People v Goldstein, 6 NY3d 119, 129; People v Harris, 93 AD3d 58, 74; People D'Angelo, 67 AD2d 931). Notably, the jury found the defendant guilty of manslaughter in the first degree only after it had reported that it was deadlocked on that charge and the trial court delivered an Allen charge (see Allen [*4]v United States, 164 US 492).
Accordingly, I vote to reverse and order a new trial.
ENTER:
Aprilanne Agostino
Clerk of the Court