People v Lang (2018 NY Slip Op 05867)





People v Lang


2018 NY Slip Op 05867


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-00017
 (Ind. No. 123/15)

[*1]The People of the State of New York, respondent,
v
Timothy Lang, appellant.


Martin Geduldig, Garden City, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Cristin N. Connell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered December 1, 2015, convicting him of robbery in the first degree, robbery in the second degree (four counts), attempted robbery in the first degree, attempted robbery in the second degree (two counts), assault in the second degree (four counts), criminal possession of a weapon in the third degree (three counts), criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and sentencing him, as a second violent felony offender, to determinate terms of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of robbery in the first degree, 15 years plus 5 years of postrelease supervision on each conviction of robbery in the second degree, 15 years plus 5 years of postrelease supervision on the conviction of attempted robbery in the first degree, and 7 years plus 5 years of postrelease supervision on each conviction of attempted robbery in the second degree and each conviction of assault in the second degree, indeterminate terms of imprisonment of 3½ to 7 years on each conviction of criminal possession of a weapon in the third degree and 2 to 4 years on the conviction of criminal possession of stolen property in the fourth degree, and definite terms of imprisonment of 1 year on each conviction of criminal possession of stolen property in the fifth degree, with the term of imprisonment imposed on the conviction of robbery in the first degree to run consecutively to the term of imprisonment imposed on the conviction of attempted robbery in the first degree, and all terms to otherwise run concurrently with each other.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of attempted robbery in the first degree from 15 years to 7 years; as so modified, the judgment is affirmed.
The defendant's contention that the prosecutor improperly elicited testimony concerning the waiver of his Miranda rights (see Miranda v Arizona, 384 US 436) and his statements to law enforcement officials is unpreserved for appellate review, as he failed to object at trial to the allegedly improper testimony (see People v Delgado, 134 AD3d 1046). In any event, the contention is without merit. The defendant placed the voluntariness of his statements in issue by testifying at trial that he did not remember giving the statements to law enforcement officials, and by requesting that the jury be instructed regarding the voluntariness of his statements.
The defendant failed to preserve for appellate review his contention that the sentence imposed improperly penalized him for exercising his right to go to trial (see People v Hurley, 75 NY2d 887, 888). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to go to trial (see People v Mujica, 146 AD3d 902; People v Silburn, 145 AD3d 799, affd 31 NY3d 144; People v Bowers, 144 AD3d 1049). However, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel. Since the defendant's ineffective assistance claim cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Tieman, 132 AD3d 703; People v Mills, 132 AD3d 698; People v Jemmott, 132 AD3d 697).
The defendant's remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court