People v Gordon-Patterson (2019 NY Slip Op 02113)





People v Gordon-Patterson


2019 NY Slip Op 02113


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-10435
 (Ind. No. 2497/12)

[*1]The People of the State of New York, respondent,
v
Ingrid Gordon-Patterson, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa A. Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera, Timothy Finnerty, Lauren Tan, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered August 25, 2015, convicting her of conspiracy in the second degree, conspiracy in the fourth degree, criminal possession of a weapon in the fourth degree, and criminal sale of a prescription for a controlled substance (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt, beyond a reasonable doubt, of conspiracy in the second degree, conspiracy in the fourth degree, and two counts of criminal sale of a prescription for a controlled substance (see People v Cahill, 2 NY3d 14, 57). Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495).
The defendant's contention that the indictment was facially defective because it contained multiplicitous counts is unpreserved for appellate review (see People v Cassidy, 133 AD2d 374). In any event, the counts of conspiracy in the second degree and conspiracy in the fourth degree were not multiplicitious because those two counts were clearly distinct, and a conviction of one count would not be inconsistent with acquittal of the other (see People v Saunders, 290 AD2d 461).
The defendant's contention that certain testimony admitted at trial was unduly prejudicial and deprived her of a fair trial is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The defendant waived her contention that the County Court failed to conduct a "probing and tactful inquiry" of a juror before determining that the juror should be discharged for being grossly unqualified (CPL 270.35[1], as defense counsel consented to the discharge of the juror.
The defendant failed to preserve for appellate review his challenge to the County Court's instructions to the jury in connection with the count of conspiracy in the fourth degree (see CPL 470.05[2]). In any event, the court's charge, taken as a whole, conveyed the correct standard to the jury (see People v Drake, 7 NY3d 28, 32; People v Fields, 87 NY2d 821).
The defendant's contention that she was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel. Since the defendant's ineffective assistance claim cannot be resolved in its entirety without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Tieman, 132 AD3d 703; People v Mills, 132 AD3d 698; People v Jemmott, 132 AD3d 697).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court